**O**

# United States District Court
# Central District of California

ROKNEDIN ROKNI,

          Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A. et al.,

          Defendants.

Case № 2:26-cv-02794-ODW (AYPx)

**ORDER GRANTING**

**MOTION TO DISMISS [11]**

## I.    INTRODUCTION

Plaintiff Roknedin Rokni filed this negligence action against Defendant JPMorgan Chase Bank, N.A. to recover more than $4,000,000 in lost gold, silver, and jewelry.  (Notice Removal Ex. 1 ("Compl.") ¶¶ 17–21, Dkt. No. 1-1.)  JPMorgan now moves to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim, arguing the economic loss doctrine precludes Rokni's negligence claim.  (Mot. Dismiss ("Mot." or "Motion"), Dkt. No. 11.)  For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Rokni is a long-time customer of JPMorgan who deposited his valuables into JPMorgan's safe deposit boxes. (Compl. ¶ 6.)  In 2025, an individual contacted Rokni and used his personal and banking information to impersonate a JPMorgan employee. (*Id.* ¶ 7.)  The impersonator persuaded Rokni to remove his valuables from the safe deposit box due to a purported safety risk at the bank.  (*Id.* ¶¶ 8–10.)  The impersonator then advised that the safety risk was resolved and directed Rokni to deliver the valuables to "police officers" who would return them to JPMorgan.  (*Id.* ¶¶ 11–13.)  Rokni gave the "officers" the valuables, but the valuables never arrived at JPMorgan.  (*Id.* ¶ 13.)  Rokni claims his lost valuables included more than $4,000,000 worth of precious metals and jewelry.  (*Id.* ¶ 14.)

As a result, Rokni brings this Complaint against JPMorgan, alleging a single cause of action for negligence.  (*Id.* ¶¶ 17–21.)  Rokni claims JPMorgan negligently failed to protect his information, causing the loss of his safe deposit box valuables. (*Id.* ¶¶ 19–20.)  JPMorgan now moves to dismiss under Rule 12(b)(6).  (Mot. 3–4.)[2]

## III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

---

[2] JPMorgan requests that the Court judicially notice certain documents.  (Req. Judicial Notice, Dkt. No. 11-2.)  Rokni objects.  (Obj., Dkt. No. 15.)  As the Court need not rely on JPMorgan's documents to resolve the Motion, the request for judicial notice is **DENIED** as moot.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

JPMorgan argues the Court should dismiss Rokni's negligence claim because the economic loss doctrine precludes it. (Mot. 3–4, 8–9.) According to JPMorgan, the duties Rokni asserts arise solely from the parties' contractual relationship. (*Id.*) Rokni contends the economic loss doctrine does not apply, and his negligence claim survives, because JPMorgan breached a duty independent from the contractual relationship. (Opp'n 5–9, Dkt. No. 14.)

Under California law, the "threshold element of a cause of action for negligence is the existence of a duty." *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1196 (9th Cir. 2001). The economic loss doctrine bars a negligence claim where the alleged duty arises from a contractual relationship and the plaintiff suffers purely economic

damages.[3]  *Zhang v. Bank of Am., N.A.*, 806 F. Supp. 3d 1119, 1126 (C.D. Cal. 2025) (citing *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2002)) ("Without allegations pointing to a noncontractual duty that Defendant owed to Plaintiff, Plaintiff's negligence claim is barred by the economic loss rule.").  In contrast, the economic loss doctrine does not bar a negligence claim where a plaintiff alleges a duty that arises independently from the contractual relationship.  *Id.*; *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988–99 (2004).  Accordingly, the economic loss doctrine precludes Rokni's negligence claim if his allegations establish: (1) Rokni had a contractual relationship with JPMorgan, (2) that relationship gave rise to the duty underlying Rokni's negligence claim, and (3) Rokni fails to allege an independent duty.  *Zhang*, 806 F. Supp. 3d at 1126.

First, "the relationship of bank and depositor is founded on contract."  *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537–38 (1998) (referring to a "depositor" as an "account holder" and "customer").  Here, Rokni alleges that he is a "long-time customer" of JPMorgan who utilized JPMorgan's banking services by depositing funds and valuables into safe deposit boxes and other accounts.  (Compl. ¶ 6.)  Accordingly, Rokni is a depositor with JPMorgan, so they have a bank-depositor relationship "founded on contract."  *Chazen*, 61 Cal. App. 4th at 537.

Second, within a bank-depositor contractual relationship, "it is well established that a bank has a duty to act with reasonable care in its transactions with its depositors."  *Id.* at 543 (citation modified) (quoting *Bullis v. Sec. Pac. Nat'l Bank*, 21 Cal. 3d 801, 808 (1978)).  This duty of reasonable care "is an implied term in the contract between the bank and its depositor."  *Id.*  Further, "[a] bank customer reasonably expects the bank to maintain the confidentiality of private financial matters" because "confidential financial information given to a bank by its customers is protected by the right to privacy."  *Fortunato v. Superior Ct.*, 114 Cal. App. 4th 475,

---

[3] Rokni alleges purely economic damages and JPMorgan does not dispute this.  (Compl. ¶¶ 14, 20; Opp'n 3.)  Accordingly, the Court need not further address this element of the doctrine.

480 (2003). Thus, a bank customer has "a right to privacy in confidential customer information whatever form it takes." *Id.* at 481. However, a bank owes no duty to monitor its customers' account activity. *Bank Leumi USA v. R&R Food Serv. LLC*, No. 2:17-cv-07183-MWF (SSx), 2018 WL 6003580, at *8 (C.D. Cal. July 13, 2018) (citing *Chazen*, 61 Cal. App. 4th at 537).

Here, Rokni alleges JPMorgan owed him the duty to (1) "protect information regarding his accounts and business with Defendant," (2) "take reasonable precautions to ensure that third parties do not obtain access to information regarding Plaintiff's accounts and business with Defendant," (3) "ensure that its employees do not improperly disclose information regarding Plaintiff's accounts and business with Defendant," and (4) "prevent suspicious transactions and activity." (Compl. ¶ 18.) The first three duties Rokni asserts are the same as a bank's implied contractual duty to protect its depositors' confidential information. *Fortunato*, 114 Cal. App. 4th at 480–81. As such, these alleged duties arise from JPMorgan and Rokni's contractual relationship and cannot support a negligence claim. *Chazen*, 61 Cal. App. 4th at 537, 543; *Fortunato*, 114 Cal. App. 4th at 480–81. As for the fourth duty Rokni alleges, JPMorgan does not owe Rokni a duty to monitor his accounts for suspicious activity because, as a matter of law, banks owe no duty to monitor their depositors' account activity. *Bank Leumi*, 2018 WL 6003580, at *8. Thus, of the duties Rokni alleges, only the first three are legally cognizable, and each of those arises from the contractual relationship.

Finally, as (1) Rokni and JPMorgan had a contractual relationship that (2) gave rise to the duty underlying Rokni's negligence claim, the economic loss doctrine bars Rokni's claim unless (3) he identifies a duty that is independent of that contractual relationship. Rokni argues the duties he alleges are independent because the "bank has a common law duty to act with reasonable care in its dealings with its customers." (Opp'n 6.) However, customer status is established through contract so the duty of reasonable care that Rokni identifies arises exclusively for those in a contractual

relationship with JPMorgan.  *Chazen*, 61 Cal. App. 4th at 537–38.  Rokni identifies no other duty outside of the contractual relationship.  (*See generally* Compl.; Opp'n.) Therefore, he fails to establish any independent duty that would support a negligence cause of action.

In sum, the Court finds that JPMorgan and Rokni share a contractual relationship and that the legally cognizable duties Rokni identifies for his negligence claim all arise from that relationship.  As Rokni fails to identify a duty independent of the parties' contractual relationship, the economic loss doctrine bars his negligence claim.

Therefore, the Court **GRANTS** JPMorgan's Motion and **DISMISSES** Rokni's Complaint.  As "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," dismissal is without leave to amend. *Schreiber Distrib.*, 806 F.2d at 1401.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** JPMorgan's Motion to Dismiss and **DISMISSES** this action **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**.  (Dkt. No. 11.)  The Court will issue judgment.

**IT IS SO ORDERED.**

July 10, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**